ADAMS CENTRAL SCHOOL DISTRICT NO. 090, ADAMS COUNTY, AND EDUCATIONAL SERVICE UNIT NO. 9, APPELLEES, V. MARVIN DEIST AND MYRTLE DEIST, APPELLANTS.

338 N.W.2d 591

Filed September 23, 1983. No. 81-773.

Jacobsen, Orr & Nelson, and Timothy F. Shaw and Laura Petovello of Nebraska Advocacy Services, Inc., for appellants.

John F. Recknor of Barlow, Johnson, DeMars & Flodman, for appellees.

Paul L. Douglas, Attorney General, and Harold Mosher, for amicus curiae State of Nebraska.

John P. Heil of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for amicus curiae School District of Omaha.

Neal Stenburg, for amicus curiae Nebraska Association of School Boards.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

In syllabus point 3 of our opinion found at 214 Neb. 307, 334 N.W.2d 775 (1983), and in the body of that opinion at 315, 334 N.W.2d at 781, we stated that a free appropriate public education under the Education for All Handicapped Children Act of 1975, 20 U.S.C. §§ 1401 et seq. (1976), requires that each handicapped child be given the opportunity to achieve such child's full potential commensurate with the opportunity provided to other children.

In doing so, we relied on the authority of *Springdale School Dist. #50 v. Grace*, 656 F.2d 300 (8th Cir. 1981), which has now been vacated by the U.S. Supreme Court on the basis of *Hendrick Hudson Dist. Bd. of Ed. v. Rowley*, 458 U.S. 176, 102 S. Ct. 3034, 73 L. Ed. 2d 690 (1982). In that latter case the Court said: "The District Court and the Court of Appeals thus erred when they held that the Act requires New York to maximize the potential of each handicapped child commensurate with the opportunity provided nonhandicapped children." 458 U.S. at 200.

We have reviewed our opinion in light of *Rowley*. We agree that we have imposed a more stringent requirement on the state educational system than was envisioned by Congress, as now interpreted by the Supreme Court. However, the record still reveals that David was not receiving an appropriate education, because he was not benefiting educationally from instruction at the TMR School, from which he

.had unilaterally been removed by school authorities, nor from the Hastings Regional Center, where he had regressed and from which he was ordered removed, nor from a homebound situation, for which no individualized educational program (IEP) had been finally approved. We therefore believe that our holding in that original opinion was correct.

However, we do, on our motion, modify that opinion by deleting syllabus point 3 and substituting therefor the following: "A free appropriate public education requires that each handicapped child be provided with personalized instruction with sufficient support services to permit the child to benefit educationally from that instruction, which instruction and services must be provided at public expense, must meet the state's educational standards, must approximate the grade levels used in the state's regular education, and must comport with the child's individualized educational program."

We further modify that opinion by deleting at 315, 334 N.W.2d at 781, the following: " ' "This standard would require that each handicapped child be given the opportunity to achieve his full .potential commensurate with the opportunity provided to other children." ' *Springdale School Dist. #50 v. Grace,* 656 F.2d 300, 304 (8th Cir. 1981)," and substituting therefore the following: " 'Insofar as a State is required to provide a handicapped child with a "free appropriate public education," we hold that it satisfies this requirement by providing personalized instruction with sufficient support services to permit the child to benefit educationally from that instruction. Such instruction and services must be provided at public expense, must meet the State's educational standards, must approximate the grade levels used in the State's regular education, and must comport with the child's IEP.' *Hendrick Hudson Dist. Bd. of Ed. v. Rowley,* 458 U.S. 176, 203, 102 S. Ct. 3034, 3049, 73 L. Ed. 2d 690 (1982)."

Finally, at 317, 334 N.W.2d at 782, the following

paragraph is deleted: "On the basis of this evidence the hearing officer Sullivan found 'residential placement in or near this community [Hastings, Nebraska] is a necessary element of free and appropriate public education to which David Deist is entitled to under the law.' This finding is permissible under the law." The following is substituted therefor: "On the basis of this evidence the hearing officer Sullivan ordered that David be transferred 'to a residential placement sufficient to meet David's unique needs.' Such order is permissible under the law."

MOTION FOR REHEARING OVERRULED.